UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **AMBER GORDON, ET AL.** | **CASE NO.  2:18-CV-00967 (LEAD)** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GREAT WEST CASUALTY CO., ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 37] filed by defendants, seeking dismissal of plaintiff's claims of negligent entrustment, hiring, and training against defendant Elio's Trucking Corporation. Plaintiff has filed an opposition to the motion, and the court heard oral argument on this matter at a hearing on June 23, 2020. Accordingly, the matter is now ripe for decision.

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on August 12, 2017, in Jefferson Davis Parish, Louisiana. Doc. 1, att. 3. Plaintiff Amber Gordon alleges that Delphine Dailey was driving her (Gordon's) vehicle on Interstate 10 on that date and she was traveling as a passenger. *Id.* at 5. Ms. Gordon further alleges that a tractor-trailer driven by Jose Cuesta slammed into her vehicle as he was changing lanes and pushed it off the roadway. *Id.*

Ms. Gordon and Ms. Dailey both claimed injuries and filed suits in the 31st Judicial District Court, Jefferson Davis Parish, Louisiana. As defendants they named Cuesta; his

employer, Elio's Trucking Corporation ("Elio's"); and insurer Great West Casualty Company ("Great West"). The plaintiffs alleged that the accident was caused by both Mr. Cuesta's negligent driving and the company's negligent failure to train or supervise him and negligent entrustment of the vehicle to him, rendering Elio's liable under theories of vicarious liability and direct negligence. The defendants then removed the suits to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and the court consolidated the two cases at the defendants' unopposed motion. Docs. 1, 18.

Mr. Cuesta has not been located and Elio's has admitted that he was let go by the company. *See* doc. 45, att. 2, p. 18. Elios stipulated, however, that Mr. Cuesta was acting in the course and scope of his employment at the time of the accident. Doc. 37, att. 4, ¶ 2; *see* doc. 37, att. 3, p. 20. Defendants now move for summary judgment, arguing that because of this stipulation plaintiffs cannot also maintain claims of direct negligence against Elio's. Doc. 37. Plaintiffs oppose the motion and assert that Elio's may be held liable under both theories. Doc. 45.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara*

*v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

The defendants argue, in reliance on *Dennis v. Collins*, 2016 WL 6637973 (W.D. La. Nov. 9, 2016), that plaintiff's direct negligence claims against Elio's are subsumed by the company's stipulation of vicarious liability for Mr. Cuesta's negligence. The undersigned has also endorsed that view. *Fox v. Nu Line Transport LLC*, 2019 WL 4316955 (W.D. La. Sep. 11, 2019). Upon review of recent Louisiana jurisprudence,

however, and in light of the number of times in which the rule has recently been asserted, the court now reconsiders its endorsement.

*Dennis* arose from an *Erie* guess, primarily based on *Libersat v. J&K Trucking, Inc.*, 772 So.2d 173 (La. Ct. App. 3d Cir. 2000). There the Third Circuit considered a district court's failure to instruct a jury on negligent hiring and training when it "equated *respondeat superior* to all possible theories of recovery." 772 So.2d at 179. The appellate court found no error in the instructions, noting:

> Patterson, as Mr. Mitchell's employer, would be liable for his actions under the theory of *respondeat superior*. If Mr. Mitchell breached a duty to the Appellants, then Patterson is liable under the theory of *respondeat superior*. If Mitchell did not breach a duty to the Appellants then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants. The trial judge has the responsibility of reducing the possibility of confusing the jury, and he may exercise the duty to decide what law is applicable. *Sparacello v. Andrews*, 501 So.2d 269 (La. App. 1 Cir. 1986), *writ denied*, 502 So.2d 103 (La. 1987). The court did not err in using its discretion to omit Appellants' requested jury instructions regarding negligent hiring and training because they were not appropriate in this case.

*Id.* The *Dennis* court thus held that, while the Louisiana Civil Code provides "broad tort principles in favor of allowing claimants to recover against anyone who is at fault for causing them injury," the available jurisprudence favored the defendant's argument that the two causes of action could not be simultaneously maintained if the employer stipulated to vicarious liability for the employee's negligence. 2016 WL 6637973 at *4, *7.

Here plaintiffs have made and supplied evidence for the following allegations of negligence on the part of Elio's: (1) the company's failure to ensure Mr. Cuesta was not exceeding maximum driving hours, (2) the company's failure to follow up with his references and verify his experience, (3) the company's lack of a proper safety program,

and (4) a lack of federally mandated front fender mirrors on the truck. Plaintiffs maintain that, notwithstanding the stipulation to vicarious liability, they should be allowed to pursue these claims. Accordingly, the court revisits the *Erie* guess made in *Dennis* and considers whether it supports summary judgment on plaintiffs' negligence claims against Elio's.

"In making an *Erie* guess, the court must not alter existing law or . . . change direction." *Phetteplace v. 415 Rue Dauphine, LLC*, 383 F.Supp.3d 629, 630 (E.D. La. 2019) (internal quotations omitted). Rather, it should determine in its best judgment how the Louisiana Supreme Court would resolve the issue if presented with the same case. *Id.* (citing *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 206 (5th Cir. 2007)). To this end the court looks first to the primary sources of Louisiana law: the constitution, codes, and statutes. *Am. Int'l Spec. Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). As the Fifth Circuit has emphasized:

> Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana. Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citations omitted).

The Louisiana Civil Code's comparative negligence article provides:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion

> to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

La. Civ. Code art. 2323(A). In *Dennis*, Chief Judge Hicks also acknowledged that several Louisiana cases support the general proposition that a plaintiff can "simultaneously maintain both (1) a tort cause of action against an employee in an attempt to hold the employer vicariously liable for that tort and (2) an independent negligent hiring, training, and/or supervision cause of action against the employer." 2016 WL 6637973, at *4. Nonetheless, in that case and its progeny courts have reasoned that there is no need to allocate fault between the parties when the employer defendant stipulates to liability for the employee's negligence. *Pigott v. Heath*, 2020 WL 564958, at *4 (E.D. La. Feb. 5, 2020) (citations omitted). They also maintain that "on balance, a rule disallowing simultaneous vicarious and direct negligence claims serves the public good" by streamlining the judicial process and avoiding unnecessary confusion for the jury. *Giles v. ACE Am. Ins. Co.*, 2019 WL 2617170, at *3 (E.D. La. Jun. 26, 2019).

*Libersat* was decided based on a challenge to jury instructions. Accordingly, the question was reviewed with the goal of determining after the fact whether plaintiff's verdict had been prejudiced by the omission. Since *Libersat*, two other Louisiana circuit courts have adopted this rule. *See Landry v. Nat'l Union Fire Ins. Co. of Pittsburg*, 289 So.3d 177, 185 (La. Ct. App. 5th Cir. 2019); *Wheeler v. U.S. Fire Ins. Co.*, 2019 WL 2612903 (La. Ct. App. 1st Cir. Jun. 13, 2019) (unpublished). The Louisiana Supreme Court, however, has made no reference to the purported exception. Instead, it has repeatedly affirmed that Article 2323(A) makes a determination of comparative fault mandatory

among all potential tortfeasors, including non-parties and those who will never be held financially responsible, under any theory of liability. *Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So.3d 656, 664 (La. 2015); *see, e.g.*, *Big Easy Tattoo & Co, Inc. v. Quarter Holdings, LLC*, 254 So.3d 678 (La. 2018); *Keith v. U.S. Fidelity & Guar. Co.*, 694 So.2d 180 (La. 1997).

The court has also specifically recognized the propriety of determining an employer's direct and vicarious liability for an employee's negligence on at least two recent occasions. In *Coulon v. Endurance Risk Partners*, the court held that allegations made to a medical review panel were broad enough to encompass and exhaust a plaintiff's claims for vicarious liability against a surgery center as well as direct negligence for failure to train and supervise its employees. 221 So.3d 809 (La. 2017). In *Foley v. Entergy Louisiana, Inc.*, a roofer was injured when he raised a ladder into an uninsulated power line. The Louisiana Supreme Court affirmed a verdict finding the plaintiff 20 percent liable, a coworker 5 percent liable, the employer 40 percent liable, and the power company 35 percent liable. 946 So.2d 144, 148–49 (La. 2006). To this end the court noted evidence of the employer's failure to adequately train or equip its employees for working near overhead power lines and the employees' own negligence in raising the ladder despite being aware of the dangers. *Id.* at 166–68.

These cases do not provide a direct overruling of *Libersat* and its progeny. Nevertheless, they both involve simultaneous claims of employer direct negligence and claims for which the employer could be held vicariously liable. The fact that the state's

highest court observed no redundancy in these recent cases between the two theories of liability is enough to make the court revisit the *Erie* guess it previously endorsed.

Under the rule derived from *Libersat*, defendants ask the court to erase direct negligence claims against an employer whenever it stipulates to liability for an employee's negligence. But the Louisiana Supreme Court has recognized claims of negligent hiring, training, and supervision as stand-alone causes of action distinct from the theory of vicarious liability. *See, e.g.*, *Harris v. Pizza Hut of La.*, 455 So.2d 1364 (La. 1984); *Roberts v. Benoit*, 605 So.2d 1032 (La. 1991). Defendants provide no cases showing a merger of the two theories under Louisiana statutory law or Supreme Court jurisprudence.

"The fundamental purpose of Louisiana's comparative fault scheme is to ensure that each tortfeasor is responsible only for the portion of the damage he has caused." *Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So.3d 656, 664 (La. 2015) (quoting *Miller v. LAMMICO*, 973 So2d 693, 706 (La. 2008)). Moreover, "[d]eterrence is one of the complex purposes that is said to lie at the heart of all tort law, not merely that aspect labeled 'punitive.'" *Fagot v. Ciravola*, 445 F.Supp. 342, 345 (E.D. La. 1978). In light of these aims, the court must examine what ends are served by the rule put forth here.

Where an employer's potential fault is merged with that of the employee, the jury might not have a true picture of either party's wrongful acts—which may, in turn, magnify the comparative fault of the plaintiff or other individuals. For instance, a plaintiff involved in a car accident may bring a claim of negligence against a defendant truck driver who failed to exercise adequate care while driving on icy roads. If the employer then stipulates to vicarious liability, the plaintiff cannot also maintain a claim based on the employer's

negligent training or supervision of the employee. Accordingly, evidence that the company failed to train employees on how to encounter that hazard or required them to push on with their loads despite the conditions could be ruled inadmissible – as other defendants have argued in multiple cases before this court. If admitted, the evidence could also tend to make the employee look less culpable. After all, is it really his fault that he was not properly trained or supervised? And the verdict sheet leaves no other place to account for the employer's direct negligence. If the jury decides to go easier on the employee, other individuals – for instance, the plaintiff or drivers of other vehicles involved in the accident – necessarily become more culpable and the fundamental purpose of comparative fault is frustrated. Likewise, where the employer can exclude evidence or avoid any public airing of its direct negligence merely because it is also financially liable under a theory of vicarious liability, the deterrent aims of tort law are thwarted. In effect, under such a rule, the employer would serve as insurer for the employee rather than codefendant and need not even have its identity revealed to the jury.

Defendants in similar cases have argued that sound policy reasons support the expansion of *Libersat*'s holding into general preemption, because simultaneous claims of direct negligence and vicarious liability will allow plaintiffs to unfairly turn the focus of the trial to the employer. Such prejudice may be addressed, however, through motions for summary judgment based on lack of evidence, motions in limine, and jury instructions. Under the *Libersat* rule, on the other hand, there is no remedy for the plaintiff when the employer can stipulate to vicarious liability and then avoid accountability for any direct negligence. And in cases like this one, where defendants propose to place all liability on

the absent driver while the company's own actions are deemed irrelevant, the plaintiff is left to contend with not one but two empty chairs.

In light of the rule's lack of support under Louisiana Supreme Court and statutory law, its dubious impacts on litigation, and the potential to achieve its policy aims through other means, the court is convinced that the highest court of the state would reject the rule derived from *Libersat*. The undersigned therefore finds that the Louisiana Supreme Court has and would continue to permit direct negligence claims even against an employer who is vicariously liable for the employee's negligence.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 37] will be denied and plaintiffs will be permitted to proceed with their claims of independent negligence against Elios Trucking Corporation.

**THUS DONE AND SIGNED** in Chambers on this 25th day of June, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**